### SENTERFEIT v. SHEALY.

REAL PROPERTY—PLEADING—CAUSE OF ACTION.—A COMPLAINT alleging, first, that plaintiffs are the owners in fee of a tract of land; and, second, that defendants are in the wrongful and unlawful possession thereof, and refuse to surrender possession after demand made, and by reason of said acts have damaged plaintiff so much, states a good cause of action for possession of land.

Before KLUGH, J., Lexington, February, 1903. Reversed.

Action for possession of land by H. B. Senterfeit *et al.* against Amanda Shealy *et al.* From order sustaining demurrer to complaint, plaintiffs appeal.

*Messrs. B. W. Crouch, Efird & Dreher* and *E. S. Asbill,* for appellants. *Messrs. Efird & Dreher* cite: 27 S. C., 50; 35 S. C., 310; 65 S. C., 284.

*Messrs. E. F. Strother* and *G. T. Graham,* contra. No argument furnished Reporter.

June 19, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order sus-taining a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in that it was "necessary not only to allege ownership, but the right of the plaintiff to immediate possession, in order to make out a complete statement of cause of action."

The first paragraph of the complaint alleges that the plaintiff is the owner in fee of the land therein described.

The second paragraph of the complaint is as follows: "2. That the defendants, Amanda Shealy, Jane Shealy and R. B. Shealy, are in the wrongful and unlawful possession of said tract of land, and have refused to surrender possession of same to plaintiffs after demand made, and that by reason of the wrongful and unlawful withholding of the possession of said tract of land by the defendants from the plaintiffs, the said plaintiffs have been damaged by the said defendants in the sum of one hundred dollars." It is only necessary to cite the recent case of *Livingston* v. *Ruff*, 65 S. C., 284, to show that the order was erroneous.

The judgment of this Court is, that the order of the Circuit Court be reversed.